# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Rickey Darrell Morgan,**
**Petitioner Below, Petitioner**

**vs.) No. 19-0697** (Kanawha County 19-P-140)

**Karen Pszczolkowski, Superintendent, Northern**
**Correctional Facility,**
**Respondent Below, Respondent**

**FILED**
**April 28, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Rickey Darrell Morgan, self-represented litigant, appeals the July 18, 2019, order of the Circuit Court of Kanawha County dismissing his petition for a writ of habeas corpus. Respondent Karen Pszczolkowski, Superintendent, Northern Correctional Facility, by counsel Mary Beth Niday, filed a response in support of the circuit court's order. Respondent West Virginia Parole Board ("Parole Board" or "Board"), by counsel Keith D. Fisher, filed a summary response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 1988, petitioner was indicted for murder in the McDowell County Circuit Court. On October 6, 1988, petitioner pled guilty to first-degree murder pursuant to a plea agreement, which provided that there would be a recommendation that the court impose a life sentence of incarceration with the possibility of parole. The circuit court accepted petitioner's guilty plea and sentenced him to a life term of incarceration with the possibility of parole after ten years.[1]

---

[1]At the time of petitioner's conviction, a defendant convicted of first-degree murder with a recommendation of mercy was required to serve a minimum term of ten years of incarceration (continued . . .)

1

According to petitioner, the Board denied him parole following interviews in 1998, 2001, 2004, 2007, 2010, 2013, 2016, 2018, and 2019. Following the Board's denial of parole in 2019, petitioner filed a petition for a writ of habeas corpus in the Marshall County Circuit Court on April 10, 2019. On April 12, 2019, the Marshall County Circuit Court transferred the petition to the Kanawha County Circuit Court.[2] After an initial review of the petition, by order entered on April 25, 2019, the Kanawha County Circuit Court found that "appointment of counsel [was] not warranted," but directed that a response to the petition be filed.

On June 25, 2019, the Parole Board filed a motion to dismiss the petition, arguing the allegations therein and the single attached exhibit were insufficient to allow the circuit court to evaluate petitioner's claim(s). The Board noted that petitioner attached only an incomplete copy of its 2019 decision to deny parole,[3] but seemingly complained about all nine of the denials of parole. On July 9, 2019, petitioner filed a response to the motion to dismiss. By order entered on July 18, 2019, the circuit court dismissed the habeas petition, finding that it was unable to "assess [petitioner]'s allegations and adequately respond thereto without knowing which of the nine parole hearings/decisions is at issue."

Petitioner now appeals the circuit court's July 18, 2019, order. This Court reviews a circuit court order dismissing a habeas petition under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1 of *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016); *see also* Syl. Pt. 1, *State ex rel. Postelwaite v. Bechtold*, 158 W.Va. 479, 212 S.E.2d 69 (1975) (holding that "[f]indings of fact made by a trial court in a post-conviction habeas corpus proceeding will not be set aside or reversed on appeal by this Court unless such findings are clearly wrong"). Additionally,

> "'[a] court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary

---

[2]before being eligible for parole. The minimum term has since been increased to fifteen years of incarceration. *See* 1994 W. Va. Acts ch. 35 (amending W. Va. Code § 62-3-15).

[2]West Virginia Code § 14-2-2(a) provides that an action may be filed in the Kanawha County Circuit Court when "the state, the Governor, any other state officer, or a state agency is made a party defendant."

[3]The copy of the Parole Board's 2019 decision to deny parole provided by petitioner did not include the signature page.

evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.' Syllabus Point 1, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973)." Syl. Pt. 2, *White v. Haines*, 215 W. Va. 698, 601 S.E.2d 18 (2004).

Syl. Pt. 3, *Anstey*, 237 W. Va. at 411, 787 S.E.2d at 864.

On appeal, petitioner argues that the circuit court erred in dismissing the petition without a hearing or appointment of counsel. Respondents counter that the circuit court properly dismissed the petition. We agree with respondents.

"[H]abeas corpus review of parole hearings will be available only when a prisoner alleges with specificity, facts that tend to prove abuse of discretion or other due process deprivations." *Tasker v. Mohn*, 165 W. Va. 55, 69, 267 S.E.2d 183, 191 (1980); *see also Losh v. McKenzie*, 166 W. Va. 762, 771, 277 S.E.2d 606, 612 (1981) (finding that that "[a] mere recitation of any of [the] grounds [for habeas relief] without detailed factual support does not justify the issuance of a writ, the appointment of counsel, and the holding of a hearing"). Here, based on our review of the petition, we concur with the circuit court's finding that petitioner's vague allegations did not allow it to ascertain "which of the nine parole hearings/decisions [was] at issue." Therefore, we conclude that the circuit court's dismissal of the habeas petition did not constitute an abuse of discretion.

For the foregoing reasons, we affirm the circuit court's July 18, 2019, order dismissing petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED**: April 28, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

3